**Don Richard LEGO, Plaintiff,**

v.

**PEOPLE OF the STATE OF ILLINOIS, Defendant.**

No. 83 C 6878.

United States District Court, N.D. Illinois, E.D.

Dec. 19, 1984.

Don Richard Lego, pro se.

Neil F. Hartigan, Atty. Gen., State of Ill. by James E. Fitzgerald, Asst. Atty. Gen., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

### Facts

Don R. Lego filed this *pro se* civil rights suit against the "People of the State of Illinois" on September 30, 1983 while he was awaiting trial on murder charges in the state court. Lego requests declaratory and injunctive relief. The facts alleged in Lego's original petition are as follows:

Lego was arrested in Will County, Illinois on September 3, 1983 and charged with murder. On September 6, 1983 Lego appeared before a circuit judge of the 12th Judicial Circuit. At that time, the judge set September 15, 1983 as a date for a preliminary hearing. The preliminary hearing was canceled, however, because on September 15, 1983, Lego was indicted by the Grand Jury.

Lego alleges that the provisions for preliminary hearings set forth in Ill.Rev.Stat., ch. 38, § 109-3, are unconstitutional in that a defendant indicted by a grand jury is denied the right to a preliminary hearing to determine whether there is probable cause justifying pretrial detention. Lego cites *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), in support of his contention. In his Complaint, Lego requests this Court to grant the following relief: (1) declare Ill.Rev.Stat., ch. 38 § 109-3, unconstitutional; and (2) order the State Court to dismiss the murder indict-ment or, alternatively, to order the State Court to hold a preliminary hearing to determine probable cause.

On October 31, 1983, Lego filed a motion for further injunctive relief requesting this Court to enjoin the State from proceeding to trial in Lego's case. On November 14, 1983, the Illinois Attorney General filed a motion to dismiss Lego's Complaint for failure to state a claim. On June 4, 1984, Lego informed the Court, by letter, that he had been convicted in the State Court and sentenced to death. Lego's conviction is presently before the Illinois Supreme Court on appeal. Also received by the Court is a motion to dismiss filed on behalf of John Shelly, the Sheriff of Will County. Shelly, however, has not been named a defendant in Lego's Complaint filed with this Court.

### Discussion

In *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1970), the Supreme Court held that a federal court is without jurisdiction to enjoin a pending state criminal prosecution except under extraordinary circumstances where the danger of irreparable harm is both great and immediate. In *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1970), the Court extended *Younger* and held that a federal court is without jurisdiction to issue a declaratory judgment when there is a state proceeding pending at the time the federal suit is filed.

In this case, Lego seeks solely injunctive and declaratory relief. Lego requests this Court to enjoin the State of Illinois from continuing its prosecution and to declare that Lego's constitutional rights were violated because he was not afforded a preliminary hearing before trial. Since these issues are presently before the Illinois Supreme Court, this Court is without jurisdiction under *Younger* and *Samuels* to consider the merits of Lego's Complaint. Lego has failed to allege any facts which would allow the Court to issue equitable relief under the exceptions to *Younger* rule.

*Conclusion*

The State's motion to dismiss is granted. Lego's Complaint is dismissed without prejudicing Lego's right to contest the constitutionality of his conviction after he has exhausted all available state court remedies. Since Shelly is not a defendant in this case, his motion to dismiss is superfluous and need not be considered by this Court.

IT IS SO ORDERED.